IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JUSTIN HAMMIND,**

    **Plaintiff,**

v.                                                                                        Case No. 3:20-cv-00795

**PRIMCARE,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER**

    Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 2). In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Plaintiff's complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion,* 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the court may allow a *pro se* plaintiff the opportunity to amend his complaint in order to

1

correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

Plaintiff alleges that on October 2, 2020, he received delayed medical care from Prime Care Medical at the Western Regional Jail and Correctional Facility. He states that he was having chest pains, and although the correctional officers asked for medical assistance three times, no one provided him with any evaluation or treatment for approximately twelve hours. Plaintiff seeks one and one half million dollars in compensation.

The Eighth Amendment to the United States Constitution requires the State to provide its prison inmates with basic medical care. *Estelle v. Gamble,* 429 U.S. 97, 103, (1976). A prison official violates this constitutional guarantee when he responds to a prisoner's serious medical need with deliberate indifference. *Estelle,* 429 U.S. at 104; *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). Plaintiff's complaint involves an alleged delay in care, rather than an outright denial of care. "A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Abraham v. McDonald*, 493 F. App'x. 465, 466 (4th Cir. 2012); *Smith v. Smith*, 589 F.3d 736, 739 (4th Cir. 2009) (citing *Estelle*, 429 U.S. at 104-05). The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has explained: "Where a deliberate indifference claim is predicated on a delay in medical care, we have ruled that there is no Eighth Amendment violation unless 'the delay *results* in some substantial harm to the patient,' such as a 'marked' exacerbation of the prisoner's medical condition or 'frequent complaints of severe pain.'" *Webb v. Hamidullah*, 281 F. App'x 159, 166-67 (4th Cir. 2008). "Substantial harm can be shown by 'lifelong handicap, permanent loss, or considerable pain.'" *Shabazz v. Prison Health Servs. Inc.*, No. 3:10CV190, 2011 WL 3489661, at *6 (E.D. Va. 2011) (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir.

2001)).

In addition to the legal principles set forth above, Plaintiff's claim is governed by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e). The PLRA expressly prohibits the filing of civil actions by prisoners "confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody **without a prior showing of physical injury**." (emphasis added). Although the PLRA does not define "physical injury" and the Fourth Circuit has not provided a definition, other courts have held that the "physical injury" referenced by the Act need not be significant, but it must be more than *de minimis. See, e.g., Flanory v. Bonn,* 604 F.3d 249, 254 (6th Cir. 2010); *Mitchell v. Brown & Williamson Tobacco Corp.,* 294 F.3d 1309, 1312–13 (11th Cir. 2002); *Siglar v. Hightower,* 112 F.3d 191 (5th Cir. 1997); *Zehner v. Trigg,* 952 F. Supp. 1318 (S.D. Ind. 1997).

The PLRA also requires prisoners to exhaust administrative remedies prior to filing a complaint in federal court. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see, also, Porter v. Nussle,* 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective. Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." (citations and internal quotation marks omitted)). Generally, exhaustion need not be alleged by the plaintiff, but is instead "an affirmative defense that should be pleaded or

3

otherwise properly raised by the defendant." *Anderson v. XYZ Correctional Health Services, Inc.,* 407 F.3d 674, 681 (4th Cir. 2005). Nonetheless, the fact that exhaustion is an affirmative defense "does not foreclose in all cases the possibility of a *sua sponte* dismissal on exhaustion grounds." *Id.* In the rare instance when the face of a complaint clearly demonstrates a prisoner's failure to exhaust administrative remedies, *sua sponte* dismissal on that ground is appropriate. *Anderson,* 407 F.3d at 682 (citing *Nasim v. Warden,* 64 F.3d 951 (4th Cir. 1995)). When exhaustion is not clear on the face of the complaint, a district court may still *sua sponte* raise that affirmative defense, but may not dismiss the complaint on that ground without first giving the plaintiff an opportunity to respond. *Id.* at 682-83.

In light of the governing standards and principles, Plaintiff must amend his amended complaint in order for the undersigned to complete a preliminary review of the merits and rule on the motion to proceed *in forma pauperis*. Without such an amendment, Plaintiff's complaint will be subject to dismissal. Therefore, Plaintiff is **ORDERED** to amend his complaint within **forty-five (45) days** and cure the following deficiencies in in pleading as indicated below:

1.    Plaintiff must set forth a factual basis upon which the Court can conclude that the alleged delay in medical care resulted in substantial harm to Plaintiff. It is not enough for Plaintiff to allege that the medical workers ignored him for twelve hours. He must also allege and describe how the delay in care injured him.

2.    Plaintiff admits that he did not exhaust his administrative remedies. He states that he "didn't know what a grievance procedure was." The failure to exhaust administrative remedies is grounds for dismissal of the case. Before a recommendation of dismissal is made, the undersigned gives Plaintiff the opportunity to respond in more

detail as to why he failed to exhaust his remedies, and what efforts he has made to do so.

**Plaintiff is hereby given notice** that a failure to amend the complaint as ordered may result in a recommendation that the complaint be dismissed for failure to state a claim under 42 U.S.C. § 1983 and/or for failure to prosecute under Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1; and/or failure to exhaust administrative remedies. **Plaintiff is also reminded** of his obligation to promptly notify the Clerk of Court of any change in his contact information.

Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), shall be held in abeyance pending its completion and the initial review of Plaintiff's amended complaint, or pending other further proceedings in this case.

The Clerk is instructed to provide a copy of this order to Plaintiff.

**ENTERED:** December 21, 2020

Cheryl A. Eifert
United States Magistrate Judge